LAW OFFICES OF
**REINER, SIMPSON & SLAUGHTER**
2851 Park Marina Drive, Suite 200
Post Office Box 494940
Redding, CA 96049-4940
(530) 241-1905
FAX (530) 241-0622

Russell Reiner, State Bar No. 84461
Robert G. Simpson, State Bar No. 67556
Todd E. Slaughter, State Bar No. 87753

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE HORNER,<br><br>  Plaintiff,<br><br>vs.<br><br>PANELTECH INTERNATIONAL, LLC;<br>CENTRAL OREGON & PACIFIC<br>RAILROAD INC.<br>and DOES 1 through 50, inclusive,<br><br>  Defendants.<br>_____ / | USDC Case No. 2:09-CV-01564-FCD-CMK<br><br>[PROPOSED]<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br>(Amount demanded exceeds $25,000) |

Plaintiff alleges:

### PRELIMINARY ALLEGATIONS

1.  Plaintiff EDDIE HORNER is, and at all times herein mentioned was, an individual residing in Siskiyou County, California.

2.  Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned, defendant PANELTECH INTERNATIONAL, LLC is a Washington corporation, doing business in the County of Siskiyou, State of California.

3.  Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned, defendant CENTRAL OREGON & PACIFIC RAILROAD, INC is an

1 | Oregon Corporation, doing business in the County of Siskiyou, State of California.

2 |     4. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 50, inclusive and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendant is responsible as hereinafter shown for the occurrences and injuries alleged in this complaint.

    5. That at all times herein mentioned, each of the defendants was the agent, servant, partner, joint venturer, franchisee and employee of each of the other defendants, and in doing the things herein mentioned, was acting in the course and scope of the authority of said agency, employment, service, partnership, joint venture and franchise, with the permission and consent of their co-defendants.

    6. On or about February 12, 2007 EDDIE HORNER was working in his capacity as lead man for the log yard for Roseburg Lumber at their Weed, California mill.

## FIRST CAUSE OF ACTION – GENERAL NEGLIGENCE
### (As to all defendants)

    7. Plaintiff incorporates and realleges paragraphs 1 through 6 of the preliminary allegations and makes them a part of this first cause of action as though set forth fully herein.

    7. On or about February 12, 2007, and prior thereto, defendants, and each of them, did so carelessly, negligently and without concern or regard for the safety and health of plaintiff EDDIE HORNER, assemble, fabricate, install, weld, design, maintain, control, or repair, the binder on the log railcar at the Roseburg Weed, California mill at the time of the subject incident.

    8. At all times herein mentioned, defendants, and each of them, were engaged in the business of designing, assembling, compounding, installing, welding, maintaining, controlling, repairing, fabricating, and analyzing, the binder on the log railcar at the Roseburg Weed, California mill and/or their component parts, ingredients, and constituents.

    9. At all times herein mentioned, defendants, and each of them, had a duty to

properly design, assemble, compound, test, inspect, install, weld, maintain, control, repair, fabricate, and analyze on the use of said product.

10. At all times herein mentioned, defendants, and each of them, knew, or in the exercise of reasonable care should have known, that said binder and its component parts were devices of such a nature that if it was not properly designed, assembled, compounded, tested, inspected, repaired, and/or welded regarding the use and purpose for which it was intended, it was likely to injure persons in or around said product.

11. Defendants, and each of them, so negligently and carelessly designed, assembled, compounded, welded or failed to weld, tested or failed to test, inspected or failed to inspect, the said product and/or its component parts in a condition that was defective and dangerous, and unsafe and unsuitable for the use and purpose for which it was intended when used as recommended.

12. On or about February 12, 2007, and as a direct legal result of the aforementioned negligence, the aforementioned binder on the log railcar, which was filled with logs, broke loose, thereby causing plaintiff severe, grievous and serious injuries and damages as hereinafter described.

WHEREFORE, plaintiff prays for damages as herein alleged.

## SECOND CAUSE OF ACTION (PRODUCTS LIABILITY)

### (As to all defendants)

13. Plaintiff realleges and incorporates by reference each allegation contained in paragraphs 1 through 12 above and further alleges as follows:

14. Defendants, and each of them, designed, fabricated, installed, repaired, and/or welded the subject binder on the subject log railcar.

15. Defendants, and each of them, knew that said product would be purchased and used without inspection for defects by its consumer.

16. Said product was unsafe for its intended use in that it was defectively designed, fabricated, installed, repaired and/or welded, which allowed the binder to break during normal or reasonably foreseeable use or operation.

17. Said defective binder did in fact fail on February 12, 2007, thereby causing plaintiff severe, grievous, and serious injuries and damages as hereinafter described.

18. As a legal result of the defective condition of said binder and/or binder weld, as alleged herein, plaintiff suffered grievous personal injuries, and injury to plaintiff's nervous system, and great pain and suffering; the full nature and extent of said injuries are not known to plaintiff and leave is requested to amend this complaint to conform to proof at the time of trial; plaintiff is informed and believes and thereon alleges that said injuries are permanent and by reason of the foregoing, plaintiff has suffered general damages in an amount that is in excess of the jurisdictional limits of this court.

19. As a further legal result of the aforementioned defective weld and/or binder on the subject log railcar, plaintiff has incurred, and will incur, medical, surgical, and other related expenses, the full nature and extent and amount of which are not yet known to plaintiff and leave is requested to amend this complaint to conform to proof at the time of trial.

20. As a further legal result of the aforesaid defective condition of said weld and/or binder on the subject log railcar, plaintiff has incurred, and will incur, loss of income, wages, and other pecuniary losses, the full nature and extent of which are not yet known to plaintiff and leave is requested to amend this complaint to conform to proof at the time of trial.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1. For general damages according to proof.
2. For medical expenses according to proof.
3. For damages for loss of income and earnings and impairment of earning ability according to proof.
4. For prejudgment interest as allowed by law.
5. For costs of suit incurred herein.
6. For such other and further relief as the court may deem proper.

4
COMPLAINT FOR DAMAGES

1
2  Dated:  January 25, 2010                REINER, SIMPSON & SLAUGHTER, LLP
3
                                           By _____
4                                              **TODD E. SLAUGHTER**
                                               **Attorneys for Plaintiff**
5