<pre>
                    LAW OFFICES OF
                   REINER, SIMPSON
                     & SLAUGHTER
              2851 Park Marina Drive, Suite 200
                  Post Office Box 494940
                   Redding, CA  96049-4940
                      (530) 241-1905
                     FAX (530) 241-0622
</pre>

Russell Reiner, State Bar No. 84461
Robert G. Simpson, State Bar No. 67556
Todd E. Slaughter, State Bar No. 87753
Tamara L. Wood, State Bar No. 190317

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE HORNER, | USDC Case No. 2:09-CV-01564-KJM-CMK |
| Plaintiff, | **REQUEST AND STIPULATION TO REOPEN EXPERT DISCOVERY FOLLOWING COURT DETERMINATION ON GOOD FAITH SETTLEMENT OF DEFENDANT CORP; ORDER** |
| vs. | |
| PANELTECH INTERNATIONAL, LLC; CENTRAL OREGON & PACIFIC RAILROAD INC. and DOES 1 through 50, inclusive, | |
| Defendants. _____/ | Dept.:    3<br>Judge:    Hon. Kimberly J. Mueller<br>Final Pretrial:  December 7, 2011<br>Trial Date:  January 23, 2012 |

### REQUEST AND STIPULATION TO REOPEN EXPERT DISCOVERY

The parties hereto request and stipulate that this Court allow Expert Discovery in this matter to be reopened from November 9, 2011, or at such time as the Court rules on Defendant Paneltech International's Motion to Contest the Good Faith of Central Oregon & Pacific Railroad's Proposed Settlement, to December 2, 2011.

The parties submit that there is good cause for this discovery request based upon the following:

On February 9, 2011, the parties hereto filed a Stipulation to Extend Discovery

1  Deadlines due to the late addition of a new party and unexpected scheduling difficulties that
2  had been encountered regarding the depositions of numerous witnesses being taken in three
3  different States.  The stipulated schedule that was approved by the court was as follows:

| | |
|---|---|
| Discovery completion | June 1, 2011 |
| Expert Witness Disclosure | June 15, 2011 |
| Supplemental Expert Witness Disclosure | July 6, 2011 |
| Expert Discovery Completion | August 6, 2011. |

9  From that point the parties diligently engaged in discovery and determined that it may
10 be in the best interests of all if the case was mediated for a possible settlement.  A mediation
11 was scheduled with Michael J. Ornstil on August 11, 2011.  In order to reduce the substantial
12 expense of anticipated expert depositions, and thereby increase the potential for settlement at
13 mediation, the parties agreed to delay expert depositions until the mediation was concluded.
14 A stipulation was circulated and signed that extended the discovery as follows:

| | |
|---|---|
| Expert Witness Disclosures | June 30, 2011 |
| Expert Witness Reports | July 15, 2011 |
| Supplemental Expert Witness Disclosure | August 15, 2011 |

Expert Deposition Discovery:  To begin on agreement or formal notice no earlier than subsequent to completion of the mediation proceeding.

Expert Discovery Completion:            On or before October 1, 2011

(**Exhibit 1**, Stipulation to Extend Expert Discovery Deadlines; [Proposed] Order).

On October 12, 2011, at the hearing on CORP's Ex Parte Application to Stay Expert Discovery, the Court stated that by its file, Expert Discovery closed in August 2011.  This was the first time that Plaintiff's counsel realized that the June 2011 Stipulation to Extend Expert Discovery (**Exhibit 1**), had not been filed or acted upon by the Court.  Plaintiff and

Defendant Paneltech had been diligently attempting to complete expert depositions, but had not been able to do so before the stipulated deadline.

As a result of the mediation in August 2011, Plaintiff settled with Defendant CORP. That settlement has now become the subject of Defendant Paneltech's Motion to Contest the Good Faith of the settlement, set to be heard by this Court on November 9, 2011. Because CORP had settled in part to avoid the expense of expert discovery, and because Defendant Paneltech had set the hearing for their motion to November 9, 2011, Defendant CORP objected to expert discovery and, as mentioned above, made an application to have discovery stayed.

So that Defendant CORP does not have to bear the expense of further expert discovery, unless it's settlement is determined not to be in good faith, and to allow necessary expert discovery that could not be completed prior to October 1, 2011 because of witness and attorney scheduling conflicts, the parties hereby stipulate as follows:

### STIPULATION

1. That no expert discovery shall take place from now until November 9, 2011, or such time as the court rules on Defendant Paneltech's Motion to Contest Good Faith of CORP Settlement;

2. That expert discovery may reopen from November 9, 2011, or the date of the Court's ruling on the above-referenced motion, to December 2, 2011.

3. By executing this stipulation, CORP does not waive any objections it might have to use of any expert depositions taken after the previous cut-off date of August 5, 2011.

IT IS SO STIPULATED:

Dated:  October 14, 2011                    REINER, SIMPSON & SLAUGHTER


By: _____/s/_ Todd E. Slaughter, ESQ.___
TODD E. SLAUGHTER
Attorney for Plaintiff


Dated:  October 14, 2011                    THE COSTA LAW FIRM


By:  _/s/ David MacMillan ESQ, as authorized on 10/12/11
David MacMillan
Attorneys for Defendant
Paneltech International LLC


Dated: October 14, 2011                     LOMBARDI, LOPER & CONANT, LLP


By:  _/s/ B. Clyde Hutchinson ESQ as authorized on 10/12/11
B. CLYDE HUTCHINSON
Attorneys for Defendant
CENTRAL OREGON PACIFIC RAILROAD INC


IT IS SO ORDERED.

**Date: 10/25/2011**

_____
UNITED STATES DISTRICT JUDGE