IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDDIE HORNER, | ) | |
| | ) | |
| Plaintiff, | ) | No. CIV S-09-1564 KJM CMK |
| | ) | |
| v. | ) | |
| | ) | |
| PANELTECH INTERNATIONAL, | ) | **FINAL JURY INSTRUCTIONS** |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

DATED:  September 26, 2012.

_____
UNITED STATES DISTRICT JUDGE

Final Instruction 1

Members of the Jury: Now that you have heard all of the evidence and the arguments of the parties, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. You, and you alone, are the judges of the facts. You must decide what the facts are and then apply those facts to the law which I will give to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Final Instruction 2

You are the sole judges of the evidence in this case and it is up to you to evaluate the witnesses and other evidence.  You are to perform this duty without bias, sympathy, prejudice, or what you think public opinion might be.  You must impartially consider all the evidence in the case, following the law as stated in these instructions.

Final Instruction 3

      All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

      Paneltech is a party to this suit.  It is entitled to the same fair and impartial treatment you would give to an individual.  You must decide this case with the same fairness you would use if you were deciding the case between individuals.

      When I say "person" in these instructions, the term includes Paneltech, CORP, and Roseburg Forest Products.

Final Instruction 4

You should not necessarily decide any issue of fact in favor of the side that brought more witnesses or evidence at trial.

The test is which evidence convinces you because it is most believable.

In deciding contested issues, you should keep in mind who has the burden of proof on that issue.

Final Instruction 5

The evidence in this case consists of the sworn testimony of the witnesses, both live testimony and that presented by videotaped deposition, all exhibits received into evidence, the attorneys' stipulations and any admissions and answers to interrogatories, which were read to you  In reaching your verdict, you may consider only the testimony and exhibits received into evidence.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by the attorneys are not evidence.  The attorneys are not witnesses.  What the attorneys have said in their opening statements, or in their closing arguments and at other times, is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way they have stated them, your memory of them controls.

(2)  Questions and objections by the attorneys are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Final Instruction No. 6

The parties have agreed to certain facts that have been read to you.  You should therefore treat these facts as having been proven.

Final Instruction 7

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.   In some circumstances, the deposition of that person may be used at trial.

The parties took the depositions of Francis Bureau, Mark Montoure, Lynne Busse, Mark Knudtson, Carl Bowden, Scott Olmstead, Joshua Grundy, Thomas Mitchell, Jack Saunders, M.D., and Scott Durbin, D.C.  Portions of each video deposition were played and became part of the record of this trial.  You should consider deposition testimony presented in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.   The court did not rule on any objections you may have heard in the depositions as these objections were not renewed at trial.

Final Instruction No. 8

      Counsel has read certain admissions Paneltech made before trial.  Take the facts stated in these admissions as true for purposes of this case.

Final Instruction No. 9

During trial counsel have shown you materials to help explain testimony in the case.   If they have been admitted into evidence, you will be able to review them if you desire during your deliberations.

Other materials you have seen were not admitted into evidence and so will not be available for your review during deliberations.  You may consider the testimony given in connection with those materials.

Final Instruction 10

There are two kinds of evidence, direct and circumstantial.  A witness testifying to having actual knowledge of a fact and documents received in evidence constitute direct evidence.  Circumstantial evidence is a chain of evidence from which you could find that another fact exists, even though no one directly testified as to that fact.

How much you believe evidence should not depend on whether it is direct or circumstantial, but on whether the evidence is trustworthy and reliable.  For that reason, you may find a fact has been proven by circumstantial evidence if that conclusion seems reasonable to you.

Final Instruction 11

In deciding what the facts are, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account any number of factors, which may include the following:

1.  Was the witness able to see, hear or know the things about which the witness testified?

2.  How good is the witness's memory and is the witness able to testify clearly?

3.  Was the witness's manner while testifying straightforward and convincing, or evasive and unconvincing?

4.  Did the witness have an interest in the outcome of the case or any bias or prejudice concerning anyone or anything that mattered in the case, and if so, did that interest or bias affect the testimony?

5.  How reasonable was the witness's testimony when you consider it in light of all the other evidence in the case?

6.  Was the witness's testimony contradicted by what that witness said or did at another time, or by the testimony of other believable witnesses or evidence?

7.   Did the witness knowingly testify falsely about a material subject?  If so, you may distrust the witness' additional testimony, but it is up to you to give it the credibility you think it deserves.

8.  Are there any other factors that bear on believability?

In deciding whether or not to believe a witness, remember that people sometimes forget things or sometimes get confused.

Also remember that the weight of evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Final Instruction No. 12

      A chain binder has been admitted into evidence.  As you have heard, this is not the binder at issue in this case, but rather was provided by Paneltech employee Francis Bureau in connection with the deposition taken in this case.

Final Instruction No. 13

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.  These witnesses may be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.  In determining the weight to give to opinion testimony that is based on the assumed facts, you should consider whether the assumed facts are true.

Final Instruction 14

The party having the burden of proof on an issue must prove it by a "preponderance of the evidence."

Proof by a preponderance of the evidence  means the evidence is more convincing and more probably true than not.  If the evidence as to any issue is evenly balanced, your finding upon that issue must be against the party who had the burden of proving it.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all the evidence having to do with that issue regardless of who produced it.

Final Instruction No. 15

Eddie Horner claims that he was harmed by Paneltech's negligence in welding and/or inspecting the chain binders on the railcar log bunks and that he was harmed by a manufacturing defect or defective design of the chain binders.  Eddie Horner has the burden of proving these claims.

Paneltech denies those claims and also contends that Eddie Horner's own negligence in using a cheater bar contributed to his harm.   In addition, it contends that Central Oregon & Pacific Railroad, or CORP,  was negligent in welding and/or inspecting the chain binders and that Roseburg Forest Products was negligent in training Eddie Horner and that this negligence was a substantial factor in causing Eddie Horner's harm.  Paneltech has the burden of proving these claims.

You must consider each claim and each defense separately, even if some of the evidence is relevant to more than one claim or defense.  Your decision on one claim or defense should not control your verdict on any other claim or defense.

Final Instruction No. 16

      Paneltech is responsible for harm caused by the wrongful conduct of its employees while acting within the scope of their employment.

Final Instruction No. 17

Instructions number 18 through 27, which follow, cover Eddie Horner's claim of negligence against Paneltech and Paneltech's defenses to the claim of negligence.

Final Instruction No. 18

Eddie Horner claims that he was harmed by Paneltech's negligence. To establish this claim, Eddie Horner must prove all of the following:

1 That Paneltech was negligent;

2 That Eddie Horner was harmed; and

3 That Paneltech's negligence was a substantial factor in causing Eddie Horner's harm.

Final Instruction No. 19

      Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

      A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

Final Instruction No. 20

      Paneltech has a duty to use ordinary care to ensure that railcars leaving its yard are reasonably safe for loading and unloading by those to whom the cars are delivered for use.  It follows there is a duty to make reasonable inspections of the cars before they leave Paneltech's possession and control.

Final Instruction No. 21

Paneltech claims that Eddie Horner's own negligence contributed to his harm.  To succeed on this claim, Paneltech must prove both of the following:

1.  That Eddie Horner was negligent; and

2.  That Eddie Horner's negligence was a substantial factor in causing his harm.

If Paneltech proves this claim, Eddie Horner's damages will be reduced by your determination of the percentage of Eddie Horner's responsibility.  I will calculate the actual reduction after trial.

<u>Final Instruction No. 22</u>

Paneltech claims that the negligence of CORP and/or Roseburg Forest Products also contributed to Eddie Horner's harm.  To succeed on this claim, Paneltech must prove both of the following:

1.  That CORP and/or Roseburg Forest Products was/were negligent; and

2.  That CORP's and/or Roseburg Forest Products' negligence was a substantial factor in causing Eddie Horner's harm.

If you find that the negligence or fault of more than one person including Paneltech, Eddie Horner, CORP and/or Roseburg Forest Products was a substantial factor in causing Eddie Horner's harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form.  The total must be 100 percent.

You will make a separate finding of Eddie Horner's total damages, if any, without considering any person's assigned percentage of responsibility.  I will calculate the damages later based on your finding of CORP's and/or Roseburg's responsibility, if any.

"Person" can mean an individual or business entity.

23

Final Instruction No. 23

You have heard evidence that Eddie Horner reached a settlement with CORP and Gunderson Rail Services.  You must not consider this evidence as a determination of responsibility for any harm.

Final Instruction No. 24

Every person has a right to expect that every other person will use reasonable care unless he knows, or should know, that the other person will not use reasonable care.

Final Instruction No. 25

      You may consider customs, practice or standards in the community or industry in deciding whether Eddie Horner, Paneltech, or others acted reasonably.   The testimony you have heard concerning loading rules promulgated by the American Association of Railroads does not establish a legal standard of duty, but rather serves as evidence of the measure of caution that ought to be exercised in situations covered by the rules.

      In addition, customs and practices do not necessarily determine what a reasonable person would have done in the subject situation; they are only factors for you to consider.

      Following a custom, practice, or rule does not excuse conduct that is unreasonable.  You should consider whether the custom or practice itself is reasonable.

Final Instruction No. 26

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Final Instruction No. 27

A person's negligence may combine with another factor to cause harm. If you find that Paneltech's negligence was a substantial factor in causing Eddie Horner's harm, then Paneltech is responsible for the harm.  Paneltech cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Eddie Horner's harm.

Final Instruction No. 28

Instruction 26, which I have already given you, and Instructions 29 through 35, which follow, apply to Eddie Horner's claim that he was harmed by a product put into circulation by Paneltech and Paneltech's defenses to that claim.

<u>Final Instruction No. 29</u>

Eddie Horner claims he was harmed by a product Paneltech put into circulation by way of lease that either:

Contained a manufacturing defect; or

Was defectively designed.

Final Instruction No. 30

Eddie Horner claims that the chain binders (which have sometimes been called tie-down binders) on the railcar log bunks contained a manufacturing defect.  To establish this claim, Eddie Horner must prove all of the following:

1.  That Paneltech was in the business of leasing railcars outfitted with log bunks with the chain binders welded to them;

2.  That Paneltech, as part of its business leasing railcars, leased and distributed the log bunks with the chain binders;

3.  That the chain binder on the log bunk contained a manufacturing defect when it left Paneltech's possession;

4.  That Eddie Horner was harmed; and

5.  That the chain binder defect was a substantial factor in causing Eddie Horner's harm.

Final Instruction No. 31

Eddie Horner claims the design of chain binders on the railcar log bunk was defective because the binder did not perform as safely as the ordinary consumer would have expected it to perform.  To establish this claim, Eddie Horner must prove all of the following:

1.  That Paneltech put in circulation, by way of lease, the chain binder on a log bunk;

2.  That the chain binder did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way;

3.  That Eddie Horner was harmed; and

4.  That the chain binder's failure to perform safely was a substantial factor in causing Eddie Horner's harm.

Final Instruction No. 32

In response to this claim, Paneltech also claims that Eddie Horner's own negligence contributed to his harm. To succeed on this claim, Paneltech must prove both of the following:

1. That Eddie Horner negligently used or modified the chain binder, or that Eddie Horner was otherwise negligent; and

2 That this negligence was a substantial factor in causing Eddie Horner's harm.

If Paneltech proves the above, Eddie Horner's damages will be reduced by your determination of the percentage of his responsibility. I will calculate the actual reduction following trial.

Final Instruction No. 33

In connection with his manufacturing defect claim, Eddie Horner also claims that he was harmed by Paneltech's negligence in relation to the chain binder and that it should be held responsible for that harm. To establish this claim, Eddie Horner must prove all of the following:

1. That Paneltech designed, supplied, installed, inspected, repaired, or rented the railcars equipped with log bunks with chain binders;

2. That Paneltech was negligent in designing, supplying, installing, inspecting, repairing, or renting the railcars equipped with log bunks with chain binders;

3. That Eddie Horner was harmed; and

4. That Paneltech's negligence was a substantial factor in causing Eddie Horner's harm.

Final Instruction No. 34

      A designer or repairer is negligent if it fails to use the amount of care in designing, repairing or inspecting the product that a reasonably careful designer or repairer would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

      In determining whether Paneltech used reasonable care, you should balance what Paneltech knew or should have known about the likelihood and severity of potential harm from the product against the burden of taking safety measures to reduce or avoid the harm.

Final Instruction No. 35

An entity that rents products to others for money is negligent if it fails to use reasonable care to:

1.  Inspect the product for defects; or

2.  Make them safe for their intended use.

Final Instruction No. 36

Instructions 37 through 48 concern the award of damages, if any.

Final Instruction No. 37

It is the duty of the court to instruct you about the measure of damages.  By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury or loss you find was caused by the defendant.   You should consider the following:

1. The nature and extent of any injuries;

2.  Any loss of enjoyment of life experienced;

3. Any disability experienced; and

4.  Any mental, physical, and emotional pain and suffering experienced.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Final Instruction No. 38

      The damages claimed by Eddie Horner for the harm caused by Paneltech fall into two categories, called economic damages and non-economic damages.  You will be asked on the verdict form, where applicable, to state the two categories of damages separately.

Final Instruction No. 39

      The following are the specific items of economic damages claimed by Eddie Horner:

      1.  The reasonable amount of income and benefits he has lost to date.  In determining this amount, you should consider evidence of plaintiff's earnings and earning capacity, how the plaintiff's time was ordinarily occupied, and find what plaintiff was reasonably certain to have earned but for the injury caused by Paneltech.

      2.  Future loss.  To recover for future harm, plaintiff must prove that the harm is reasonably certain to occur and must prove the amount of those future damages.  The amount of damages for future harm must be reduced to present cash value.  This is necessary because money received now is assumed, through investment, to grow to a larger amount in the future.  Paneltech must prove the amount by which future damages should be reduced to present value.

      To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide plaintiff with the amount of his future damages.  You may consider expert testimony in determining the present cash value of future economic damages.

      3.  Past medical expenses.  To recover damages for past medical expenses, Eddie Horner must prove the reasonable cost of reasonably necessary medical care that he has received.

      4. Future medical expenses.  To recover damages for future medical expenses, Eddie Horner must prove the reasonable medical care that he is reasonably certain to need in the future.

Final Instruction No. 40

Eddie Horner is not entitled to recover damages for any physical or emotional condition that he had before the incident occurred.  However, if Eddie Horner had a physical or emotional condition that was made worse by Paneltech's wrongful conduct, you must award damages that will reasonably compensate him for the effect on that condition.

Final Instruction No. 41

You must decide the full amount of money that will reasonably and fairly compensate Eddie Horner for all damages caused by Paneltech's wrongful conduct even if Eddie Horner was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

Final Instruction No. 42

If you decide that Paneltech is legally responsible for Eddie Horner's harm, it is also responsible for any additional harm resulting from the acts of others in providing medical treatment or other aid that Eddie Horner's injury reasonably required, even if those acts were negligently performed.

Final Instruction No. 43

If you decide that Paneltech is responsible for the original harm, Eddie Horner is not entitled to recover damages for harm that Paneltech proves Eddie Horner could have avoided by reasonable efforts.

You should consider the reasonableness of Eddie Horner's efforts in light of the circumstances facing him at the time, including his ability to make the efforts without undue risk.

Final Instruction No. 44

During trial, you have heard occasional references to workers' compensation.  In reaching a verdict, do not consider whether Eddie Horner received workers' compensation benefits for his injuries.  If you decide in Eddie Horner's favor, you should determine the amount of your verdict according only to my instructions concerning damages.

Final Instruction No. 45

You have heard evidence that Eddie Horner has settled his claim against CORP and Gunderson Rail Services.  In awarding damages, you should not consider any amount Eddie Horner may have received under these settlements.  I will make the appropriate deduction from any award of damages following trial.

Final Instruction No. 46

     Plaintiff claims the following non-economic damages:

    1.  Physical pain;

    2.  Mental suffering;

    3.  Loss of enjoyment of life;

    4.  Physical impairment; and

    5.  Emotional distress.

     No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

     To recover for future pain and suffering, Eddie Horner must prove that he is reasonably certain to suffer that harm.

     For future pain and suffering, determine the amount in current dollars paid at the time of judgment that will compensate Eddie Horner for future pain and suffering.

     This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

Final Instruction No. 47

      Your award should not include any damages to punish or make an example of Paneltech. Punitive damages cannot be part of the verdict in this case.  You must award only the damages that fairly compensate Eddie Horner for his loss.

Final Instruction No. 48

If you decide Eddie Horner has suffered damages that will continue for the rest of his life, you must determine how long he will probably live.  You have heard evidence that a 60 year-old male is expected to live another 20.7 years. This is an average life expectancy.   This evidence is not conclusive, as some people live longer and some die sooner.  In deciding Eddie Horner's life expectancy, you should also consider, among other factors, his health, habits, activities, lifestyle, and occupation.

Final Instruction 49

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant a party's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Final Instruction 50

      During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

      Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Final Instruction 51

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Final Instruction 52

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Final Instruction 53

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.